IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELEANOR F. LUCERO,

    Plaintiff,

vs.                                                                                       Civ. No. 98-1076 LH\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed March 5, 1999. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to bilateral knee impairments, chronic low back pain, and right arm laceration with tendon, nerve, and vascular involvement. She also claims to suffer from depression and anxiety.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v.*

*Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

    4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ erred in finding that the Plaintiff's knee condition did not equal listing §1.03(B); 2) the ALJ erred in finding that the Plaintiff has a residual functional capacity (RFC) for sedentary work; 3) the ALJ erred in finding that the Plaintiff is not credible with respect to her claim of disabling pain; and 4) the ALJ failed to properly apply the treating physician rule.

    5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  *Id.*  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  *Id*. (citations omitted).

    6.  Steps three and five of the sequential evaluation process are at issue in this case.  At step three, an impairment is found presumptively disabling if it meets or equals a listed impairment.  *Id.* at 1487 (citations omitted).  At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work.  *Id.* (citations omitted).

    7.  The Plaintiff argues that the ALJ's step three determination was erroneous because of its conclusory nature and failure to even mention the specific listing section which should have been considered.  Tr. 17.  The Plaintiff correctly points out that the ALJ merely concluded

without discussion that Plaintiff's severe knee problems do not equal an impairment found in the listings. Such a summary conclusion is contrary to the law. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir.1996). I, therefore, find that this matter should be remanded so that the ALJ can properly determine whether the Plaintiff's knee problems equal a listed impairment. Because I will recommend a remand for further proceedings at step three, it is unnecessary for me to reach the Plaintiff's allegations of error at step five. *See id.* at 1010 (remanding at step three without reaching contentions of error at step five). Moreover, I note without deciding that the Plaintiff appears to have raised meritorious arguments that the ALJ's RFC and pain determinations were inadequate, and the ALJ may not have properly applied the treating physician rule. *See id.* (noting without deciding the appellant's apparently meritorious arguments).

## Recommended Disposition

I recommend granting in part the Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Specifically, I recommend remanding this matter to the Commissioner so that he shall make a proper determination at step three of the sequential evaluation process and proceed to step five of the sequential evaluation process, if necessary. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate

review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge